JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Darryl Nunn
801 5th Street
Lancaster, PA 17603

**DEFENDANTS**
Dart Container Corporation
60 E. Main Street
Leola, PA 17540

**(b)** County of Residence of First Listed Plaintiff: Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C.A. § 2000e-2(a))

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE ______ DOCKET NUMBER ______

DATE: 12/19/2022

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| | : | CIVIL ACTION |
| Darryl Nunn | : | |
| v. | : | |
| Dart Container Corporation, et al | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X )

| | | |
|---|---|---|
| 12/19/2022 | Graham F. Baird | Darryl Nunn |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 801 5th Street, Lancaster, PA 17603

Address of Defendant: 60 E. Main Street, Leola, PA 17540

Place of Accident, Incident or Transaction: 60 E. Main Street, Leola, PA 17540

***RELATED CASE, IF ANY:***

Case Number: ____________ Judge: ____________ Date Terminated: ____________

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/19/2022 [signature] *Attorney-at-Law / Pro Se Plaintiff* 92692 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ____________

*B.* ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ____________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ____________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Graham F. Baird, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 12/19/2022 [signature] *Attorney-at-Law / Pro Se Plaintiff* 92692 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DARRYL NUNN
801 5th Street
Lancaster, PA 17603

Plaintiff,

v.

DART CONTAINER CORPORATION
60 E. Main Street
Leola, PA 17540

And

DART CONTAINER CORPORATION
500 Hogsback Road
Mason, MI 48854

Defendants

JURY DEMANDED

No.

**CIVIL ACTION COMPLAINT**

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, DARRYL NUNN (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, DART CONTAINER CORPORATION (hereinafter "Dart") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned Leola, Pennsylvania address. Defendant also operates under the laws of the State of Michigan and having a corporate headquarters at the above captioned Michigan address.

3. At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act and as defined under Pennsylvania law.

4. This action is instituted pursuant to the United States Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act.

5. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

7. Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II.  Operative Facts.**

9. On or about July 1, 2016, Plaintiff was hired by Defendant as an inspector/packer, working at Defendant's Leola, Pennsylvania facility located at 60 E. Main Street, Leola, Pennsylvania.

10. Plaintiff is an African-American man, diagnosed with arthritis and gout in his foot.

11. On or about March 15, 2020, Plaintiff was moved to a new department and came under the supervision of Eduardo Nadal, a Hispanic male.

12. Plaintiff observed that he was the only African-American packer in that department, with the only other African-American employee serving as an operator.

13. Shortly after this move, in or around April of 2020, Plaintiff was furloughed.

14. On or about June 29, 2020, Plaintiff was returned to work.

15. Upon his return, Mr. Nadal began targeting Plaintiff.

16. Mr. Nadal refused to interact with or talk to Plaintiff directly, but would speak with the other, Hispanic employees.

17. Plaintiff put in a request to use PTO for a weekend, which Mr. Nadal declined citing Defendant's policy that employees not use weekend PTO as they usually were short staffed on the weekend.

18. However, Plaintiff then observed that Mr. Nadal approved a weekend PTO request for another, non-Black employee immediately after refusing Plaintiff's PTO request.

19. On another occasion, Plaintiff requested vacation time, which was initially approved, only to have Mr. Nadal then decline the request one day prior to Plaintiff's vacation.

20. Mr. Nadal was also writing up Plaintiff for various de minimis issues and purported violations.

21. In or around early 2021, Plaintiff began experiencing severe foot pain due to his previously diagnosed arthritis and gout.

22. On or about February 3, 2021, Plaintiff applied and was approved for intermittent FMLA leave to accommodate flare-ups of this diagnosed medical condition through Defendants' third-party leave administrator, Sedgwick.

23. At this point, Mr. Nadal was belittling, teasing, and mocking Plaintiff's medical condition.

24. As a result of this, along with the other racially discriminatory behaviors he was enduring, Plaintiff made a complaint of race and disability discrimination to Defendant's Human Resources representative, Rebecca Stambaugh, as well as to Defendant's corporate headquarters.

25. In or around May of 2021, Plaintiff attended an appointment with his physician, as his foot pain was worsening and becoming more frequent.

26. At this time, Plaintiff's physician recommended he should be put on modified/light duty.

27. Plaintiff requested Sedgwick honor these accommodations, and additionally Plaintiff and his physician completed and returned all certifications and paperwork that were requested by Defendant and Sedgwick.

28. Despite this, Ms. Stambaugh told Plaintiff that Defendants had no work available to accommodate a modified or light-duty workload.

29. Plaintiff requested a transfer to the building where he was previously assigned, as he had work experience there and the frequent movement between work stations in that building did not exacerbate his pain or cause flare-ups.

30. Ms. Stambaugh declined this request for a transfer and instead reiterated that Defendant had "no light-duty work available".

31. As a result, Plaintiff remained on FMLA leave.

32. At all times, Plaintiff remained in communication with Defendant, Sedgwick, and his physician, and provided all documents and certifications as they were requested and complied with his physician's treatment plan.

33. On or about July 19, 2021, following the receipt of specialized orthotics which would allow him to work without restrictions, Plaintiff returned to work.

34. Upon logging into Defendant's system, he observed that he had accumulated "absences" for the dates of June 13, 2021 through June 18, 2021.

35. Plaintiff asked Ms. Stambaugh about the absences; Ms. Stambaugh told Plaintiff to contact Sedgwick who advised the absences were "unexcused" due to Plaintiff "refusing treatment."

36. Plaintiff had never refused treatment and at all times was under his physician's care and was following his treatment plan.

37. On or about July 31, 2021, Plaintiff was feeling ill and called out of work that day, and the following day, August 1, 2021.

38. Plaintiff returned to work on August 2, 2021, and worked without issue.

39. On August 9, 2021, Plaintiff worked almost his entire shift until approximately forty-five (45) minutes before the end of his shift, at which time Defendant advised Plaintiff that his employment was being terminated due to the previous purported "unexcused absences".

40. Plaintiff was subjected to racial discrimination on behalf of Defendant's supervisor, Eduardo Nadal.

41. Defendant denied Plaintiff's request for a transfer as a reasonable accommodation for his diagnosed disability which was being exacerbated by the building he was working in.

42. Defendant refused to engage in a meaningful back and forth discussion toward the development of an accommodation for Plaintiff's disability.

43. At all times material hereto, Defendant was hostile to Plaintiff's race, disability and need for FMLA leave, and retaliated against and terminated him as a result of that animus.

44. As a direct and proximate result of Defendant's conduct toward Plaintiff, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I – EMPLOYMENT DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth at length herein.

46. As described above, Plaintiff was subjected to disparate treatment as a result of his race, and made a complaint which was not addressed.

47. Plaintiff's status as an African-American man places him in a protected class.

48. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate his employment.

49. Plaintiff suffered disparate treatment by Defendant, as set forth above.

50. As such, Defendants' conduct toward Plaintiff is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

51. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

52. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

53. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

**COUNT II– AMERICANS WITH DISABILITIES ACT**
**(42 U.S.C.A. § 12101 et seq)**

54. Plaintiff incorporates paragraphs 1-53 as if fully set forth at length herein.

55. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

56. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

57. Defendant is an “employer” and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

58. At all times material hereto, Plaintiff had a qualified disability, as described above.

59. As set forth above, Plaintiff was subjected to a hostile work environment due to his aforementioned disability.

60. Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

61. Defendant’s conduct in refusing Plaintiff’s request for modified or light duty work or a transfer as a reasonable accommodation is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

62. As a proximate result of Defendant’s conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

63. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

64. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

**COUNT III – VIOLATION OF FMLA—RETALIATION**
**(29 U.S.C. §2601 et seq.)**

65. Plaintiff incorporates paragraphs 1-64 as if fully set forth at length herein.

66. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

67. As described above, Defendant refused a request for modified or light duty work or for transfer, an adverse action, in retaliation for him exercising his rights to take an intermittent FMLA leave and forcing him to take a full FMLA leave as he could not return to work without accommodation.

68. Defendant's conduct toward Plaintiff was based, in part, upon his application and utilization of FMLA leave.

69. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss,

loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

70. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

71. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

**COUNT IV - PENNSYLVANIA HUMAN RELATIONS ACT**
**43 Pa.C.S.A. §951, et seq.**

72. Plaintiff incorporates paragraphs 1-71 as if fully set forth at length herein.

73. As set forth above, Plaintiff is disabled and a member of a protected class, African-American.

74. Defendant refused Plaintiff's reasonable request for accommodation, forcing him to take an FMLA leave.

75. Plaintiff made complaints of racial discrimination which were not addressed.

76. Plaintiff's disability and membership in a protected class was a motivating factor in Defendant's decision to terminate his employment.

77. Plaintiff suffered disparate treatment by Defendant, as set forth above.

78. As such, Defendant violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

79. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss,

loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

80. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demand punitive damages.

81. Plaintiff demands attorneys' fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff, DARRYL NUNN demands judgment in his favor and against Defendant, DART CONTAINER CORPORATION, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:______________________________

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Darryl Nunn

Date: 12/19/2022

# EXH. A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/29/2022

**To:** Mr. Darryl Nunn
801 5th Street
Lancaster, PA 17603

**Re:** Nunn v. Dart Container Corp.

EEOC Charge No: 530-2022-01216

EEOC Representative and Legal Unit telephone number:

(267) 589-9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
09/29/2022

Karen McDonough
Deputy District Director

**Cc:**
Edward J Starmer
DART CONTAINER CORPORATION
500 HOGSBACK RD
Mason, MI 48854

Graham F Baird
LAW OFFICE OF ERIC A. SHORE
2 Penn Center 1500 John F Kennedy Blvd, Suite 240,
Philadelphia, PA 19102


Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a “FOIA Request” or a “Section 83 Request” for Charge Number 530-2022-01216 to the District Director at Jamie Williamson, 801 Market St Suite 1000

Philadelphia, PA 19107.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.